## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KIMBERLY TURNBAUGH**<br>1269 Arlington Ave<br>West Chester, PA 19380<br><br>               Plaintiff,<br><br>   v.<br><br>**SHK MANAGEMENT INC. d/b/a**<br>**KORMAN COMMUNITIES**<br>Two Neshaminy Interplex #309<br>Trevose, PA 19053<br><br>             Defendant. | CIVIL ACTION NO:<br><br>**COMPLAINT WITH JURY DEMAND** |

## CIVIL ACTION COMPLAINT

Plaintiff Kimberly Turnbaugh (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant SHK Management Inc. d/b/a Korman Communities (hereinafter "Defendant").

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA") and the Pennsylvania Common Law. In essence, Defendant failed to provide Plaintiff notice of her right to take an FMLA-protected leave for her medical condition, and then fired Plaintiff because of her FMLA-protected absences and/or to prevent her from taking future FMLA-protected absences and/or because she filed a workers' compensation claim.  As a result of Defendant's unlawful actions, Plaintiff suffered damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FMLA.

1

3.     This Court has jurisdiction over Plaintiff's state law claim because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence, having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

4.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5.     Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

6.     The foregoing paragraphs are incorporated herein as if set forth in full.

7.     Plaintiff is an adult individual, with an address as set forth in the caption. Defendant is a corporation that does business in Pennsylvania at the address set forth in the caption.

8.     At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

**FACTUAL BACKGROUND**

9.     The foregoing paragraphs are incorporated herein as if set forth in full.

10.     On or about November 23, 2015, Defendant hired Plaintiff as a business development manager.

11.     Plaintiff's duties included sales of apartment rentals in Defendant's buildings located throughout Chester county.

12.    On or about February 23, 2016, while at work, Plaintiff was involved in a motor vehicle accident which resulted in an injury to her back (hereinafter Plaintiff's "Medical Condition").

13.    Plaintiff sought immediate medical attention for her Medical Condition and was ordered by the treating physician to remain out of work for a period of one week.

14.    Plaintiff immediately notified her supervisor, Kim Bove ("Supervisor Bove"), of her Medical Condition and need for a leave of absence for a period of one week related to same.

15.    Thereafter, Plaintiff provided General Manager Sara Smolka ("GM Smolka") with a note from her physician reflecting same.

16.    Following the February 23rd accident, Plaintiff filed a workers' compensation claim related to same.

17.    Accordingly, Defendant required Plaintiff receive all follow up care from its designated medical provider.

18.    In or around early March 2016, Plaintiff's physician cleared Plaintiff to return to work.

19.    Nonetheless, due to her Medical Condition, Plaintiff's physician ordered that she participate in ongoing physical therapy.

20.    Accordingly, Plaintiff required leave from work for approximately two hours per week to participate in ongoing physical therapy related to her Medical Condition.

21.    Due to her having filed a workers' compensation claim, Defendant provided the coverage for Plaintiff's ongoing physical therapy treatment.

22.    At all times relevant hereto, Defendant was aware that Plaintiff required leave from work to participate in physical therapy to treat her Medical Condition.

23.     Each time she required a leave of absence from work for physical therapy, Plaintiff provided GM Smolka of her.

24.     Plaintiff further identified her physical therapy appointments on Defendant's shared employee calendar as "PT – KT" (identifying physical therapy for Kimberly Turnbaugh).

25.     Plaintiff continued to require physical therapy treatment for her Medical Condition for the remainder of the 2016 calendar year.

26.     At no time did Defendant issue to Plaintiff notification of her right to take an FMLA-leave of absence to participate in the physical therapy sessions necessitated by her Medical Condition.

27.     On or about December 15, 2016, Defendant terminated Plaintiff.

28.     At the time of her termination, Plaintiff's sales performance in her region was highly rated.

29.     Defendant advised Plaintiff that she was being terminated as a result of a reduction in force.

30.     Less than one week following her termination, Defendant posted a Business Development Manager position online.

31.     The duties identified in the posting were identical to those performed by Plaintiff during the course of her employment.

32.     Accordingly, Plaintiff asserts that the reason identified by Defendant for her termination is pretextual.

33.     In fact, Defendant terminated Plaintiff due to her absences which Defendant should have designated as FMLA-protected, and/or to prevent Plaintiff from taking further FMLA absences and/or in retaliation for having filed a workers' compensation claim.

4

34.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**COUNT I**
**Violations of the Family and Medical Leave Act**
**(Interference)**

35.     The foregoing paragraphs are incorporated herein as if set forth in full.

36.     Plaintiff was an eligible employee under the definitional terms of the FMLA.

37.     As of November 23, 2016, Plaintiff was employed by Defendant for at least twelve (12) months.

38.     Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) month period preceding November 23, 2016.

39.     Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2016 or proceeding calendar year.

40.     Plaintiff's Medical Condition constituted a serious health condition.

41.     Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to retaliate against Plaintiff for exercising her rights under the FMLA.

42.     Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with individualized notice of her FMLA rights.

43.     Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated eligibility notice.

44.     Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated rights and responsibilities notice.

45.     Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated designation notice.

46.     Defendant interfered with Plaintiff's FMLA rights by failing to designate Plaintiff's leave of absence related to her Medical Condition as FMLA protected.

47.     Defendant interfered with Plaintiff's FMLA rights by firing her for having taken leave Defendant should have designated and treated as FMLA protected.

48.     Defendant interfered with Plaintiff's FMLA rights by firing her to prevent her from taking future FMLA protected leaves of absence.

49.     As a result of Defendant's actions as described above, Defendant violated the FMLA causing Plaintiff to suffer damages.

**COUNT II**
**Violations of the Family and Medical Leave Act**
**(Retaliation)**

50.     The foregoing paragraphs are incorporated herein as if set forth in full.

51.     Defendant retaliated against Plaintiff by firing her for having taken leave that Defendant should have designated and treated as FMLA protected leave.

52.     As a result of Defendant's actions as described above, Defendant violated the FMLA causing Plaintiff to suffer damages.

**COUNT III**
**Violations of the Pennsylvania Common Law**
**(Worker's Compensation Retaliation)**

53.     The foregoing paragraphs are incorporated herein as if set forth in full.

54.     Defendant violated a clear and specific policy of the Commonwealth of Pennsylvania by wrongfully discharging Plaintiff for having filed a worker's compensation claim. *See Shick v. Shirey,* 552 Pa. 590 (Pa. 1998).

55.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disabilities, record of disabilities, perceived disabilities and/or record of perceived disabilities;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C.      Plaintiff is to be awarded punitive damages (as permitted by applicable law) and liquidated damages (as permitted by applicable law) in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

F.      Plaintiff's claims are to receive a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Manali Arora*
Manali Arora, Esq.
Richard Swartz, Esq.
1101 Kings Hwy N, Ste. 402
Cherry Hill, NJ 08034
Ph: (856) 685-7420
Fax: (856) 685-7417
*Attorneys for Plaintiff*

Date: July 18, 2017

7